UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

AVA WISEMAN for
MAURICE CUMMINGS,

Plaintiff,

v.

BURGER KING and
MR. SORENSON,

Defendants.

Civil No. 01-1556 (ADM/AJB)

**ORDER**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees" (Docket No. 2), by which she is seeking permission to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). As discussed more fully below, the Court finds that Plaintiff cannot be granted IFP status at this time, because her current complaint fails to state a claim on which relief can be granted. However, Plaintiff will be given an opportunity to file an amended complaint, and if she does so within the time allowed by this order, her IFP application will then be reconsidered.

An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[1]

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and

FILED SEP 07 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

In this case, Plaintiff is attempting to bring an employment discrimination lawsuit on behalf of her son, Maurice Cummings.[2] According to the complaint, Cummings went to a Burger King restaurant on March 1, 2001, and applied for a job there. Plaintiff alleges that the restaurant manager, Mr. Sorenson, agreed to hire Cummings, but never did. Between March and July of this year, Plaintiff and Cummings allegedly made numerous inquires about Cummings' potential employment, but on each such occasion Sorenson allegedly told them that there were no suitable job openings for Cummings. Finally, Sorenson allegedly told Plaintiff and Cummings that he would not hire Cummings, "because he was only hiring Mexicans, Africans and Mongs [sic] not Blacks."

Plaintiff now alleges that Defendants Burger King and Sorenson violated Cummings' rights under the federal employment discrimination laws, by refusing to hire him based on his race, (Plaintiff apparently is African-American), and disability, (Plaintiff allegedly "suffers with mild artism [sic]").

To state an actionable federal employment discrimination claim, a plaintiff must affirmatively allege that he or she has exhausted all available administrative remedies, before seeking relief in the courts. As the Court of Appeals explained in Williams v. Little

---

therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

[2] The complaint does not indicate that Cummings is a minor, or that he otherwise lacks the legal capacity to sue on his own behalf. It is therefore unclear why Plaintiff believes she has legal standing to pursue this action for her son. If Plaintiff chooses to file an amended complaint, her new pleading should explain why she thinks she can sue on her son's behalf.

Rock Municipal Water Works, 21 F.3d 218, 222 (8th Cir. 1994):

> "Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts. Patterson v. McLean Credit Union, 491 U.S. 164, 180-81... (1989). To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue."

"The proper exhaustion of administrative remedies gives the plaintiff a green light to bring [an] employment discrimination claim." Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir. 1996).

Here, Plaintiff has not pleaded a cognizable claim for relief, because she has not alleged in her complaint, and it does not otherwise appear from her submissions, that she has exhausted her administrative remedies. That being the case, Plaintiff does not have "the green light" to bring a federal employment discrimination claim in federal court at this time.

Thus, the Court concludes that Plaintiff's present complaint fails to state a claim on which relief can be granted, and that the case is therefore subject to summary dismissal pursuant to § 1915(e)(2)(B)(ii). As previously noted, however, Plaintiff will be permitted to file an amended complaint, which will give her an opportunity to demonstrate that Cummings' administrative remedies have, in fact, been exhausted. If Plaintiff cannot show exhaustion, she should not attempt to amend her pleading, but should instead attempt to satisfy the exhaustion requirement.

If Plaintiff elects to file an amended complaint, she must, within the next twenty days, submit an entirely new pleading identified as "Amended Complaint," which clearly shows that Cummings' administrative remedies have been exhausted for each claim that she is attempting to bring in this action. Any amended complaint that Plaintiff may file should also explain why she believes she is entitled to sue on Cummings' behalf. (See footnote 2, supra.) In addition, the historical facts on which Plaintiff's claims are based should be set forth in the amended complaint in separate numbered paragraphs. See Fed. R. Civ. P. 10(b). If Plaintiff does not file an amended complaint within the time allowed by this order, it will be recommended that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

ORDER

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket No. 2), will not be granted at this time; and

2. Plaintiff shall be permitted to file an Amended Complaint within twenty (20) days after the date of this order, failing which it will be recommended that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

Dated: September 7th, 2001

ARTHUR J. BOYLAN
United States Magistrate Judge